UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lost Lake Partners, LLC, et al., | ) | CASE NO. 1:15 CV 1734 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Communications Security and | ) | |
| Compliance Technologies, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (Doc. 13). This is a diversity action arising out of plaintiffs' sales agent agreement with defendants. For the following reasons, defendants' motion is GRANTED.

**FACTS**

Defendants are cellular network connectivity providers that offer private cellular networks to banking, vending, and healthcare kiosks throughout various markets in the United States. (Compl. ¶ 5). Between 2008 and 2011, defendants were doing business with plaintiff Michael Cavotta's former employer, Lifeclinic International, Inc., with Cavotta acting as

1

Lifeclinic's representative. (*Id.* ¶ 11). In March of 2011, defendants learned of Cavotta's departure from Lifeclinic. (*Id.* at ¶ 12). Defendants then entered into an agreement with Cavotta, as Lost Lake, whereby Cavotta would be an independent sales representative on behalf of Defendants.

On May 27, 2011, Cavotta executed a sales agent agreement ("Agreement"), (*id.* at ¶ 16, Exhibit 1), which provided that Cavotta would be paid a commission based on the customers that he secured for defendants. The Agreement includes choice of law and forum-selection clauses. These clauses state that the Agreement is to be "governed by, interpreted and construed in accordance with the laws of the State of Georgia" and that "[e]xclusive venue for any action under th[e] ... Agreement shall be solely a State or Superior court of competent jurisdiction in Georgia or in the United States District Court for the Northern District of Georgia."

Plaintiffs allege that they referred multiple clients to defendants, resulting in numerous contracts between defendants and the clients that plaintiffs referred. (Compl. at ¶ 23). According to plaintiffs, defendants have failed to pay them the commission to which they are entitled for these accounts. (Compl. at ¶¶ 24-33). They bring claims for an accounting, breach of contract, unjust enrichment, and statutory violations under both Ohio and Georgia law. Defendants now move pursuant to 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the Northern District of Georgia. Plaintiffs oppose the motion.

**LAW AND ANALYSIS**

28 U.S.C. § 1404(a) governs motions to transfer venue based on the inconvenience of the original venue. It states: "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it

might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In the typical case, a court must weigh a number of private and public-interest factors in deciding whether to transfer, including ease of access to sources of proof and availability and convenience of potential witnesses. *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013).

But in *Atlantic Marine*, the Supreme Court held that a forum-selection clause significantly changes the analysis. Because a valid forum-selection clause represents the parties' agreement as to the most proper form, the Court held that "it should be given controlling weight in all but the most exceptional cases." *Id.* When the agreement contains a valid forum-selection clause, a district court must change the usual § 1404(a) analysis in three ways. *Id.* First, "the plaintiff's choice of forum merits no weight" because the forum-selection clause represents plaintiff's preemptive exercise of "venue privilege." *Id.* at 581-82. Rather, the burden shifts to the plaintiff to show why the court should not transfer the case to the agreed upon forum. *Id.* at 582. Second, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 582. When parties agree to a forum-selection clause, they waive the right to challenge the forum as inconvenient or less convenient for themselves or their witnesses. *Id.* And third, when a party bound by a forum-selection clause "flouts its contractual obligation" and files suit in a different forum, the court in the contractually selected venue should not apply the law of the transferor venue. *Id.*

Here, without addressing *Atlantic Marine*, plaintiff argues that the Court should ignore the forum-selection clause because defendants have not conceded the enforceability of the

Agreement and have not moved to enforce the forum-selection clause. Plaintiffs note that defendants instead "focus...on suggestive factors [they] claim are favorable for transfer." Plaintiffs further argue that the clause is unenforceable. Pl.'s Br. in Opp. at 11-12 (citing *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)).

The Court concludes that the forum-selection clause is valid and relevant to defendants' motion. Despite plaintiffs' protestations to the contrary, defendants clearly rely on the forum-selection clause in their brief in arguing that the case should be transferred to Georgia. (Def.'s Br. at 6). Moreover, the fact that defendants did not explicitly concede the enforceability of the Agreement in their motion is irrelevant. Enforceability of the Agreement is not currently at issue, and plaintiffs' claims are based on the Agreement, which includes the forum-selection clause.

Plaintiffs' only argument for invalidating the clause–that it would be so inconvenient that enforcement would be unjust–is not well-taken. Plaintiffs argue that they will need to call dozens of witnesses from Ohio and neighboring states, and it is "neither reasonable nor likely" to expect that the witnesses could or would appear in Georgia. In *Wong,* the Sixth Circuit held that invalidating a forum-selection clause based on inconvenience requires a finding of more than mere inconvenience of the party seeking to avoid the clause. *Wong*, 589 F.3d at 829. Further, as noted, *Atlantic Marine* held that parties who agree to a forum-selection clause waive their right to challenge the forum as inconvenient for their witnesses. Here, the agreed-upon forum is Georgia. Several key witnesses reside there and defendants' headquarters is located there, as is much of the documentary evidence. Thus, plaintiffs have not shown that litigating this case in Georgia is so inconvenient that it would be unjust to enforce the forum-selection clause.

Although neither party cites *Atlantic Marine*, it is directly on point and dispositive of

defendants' motion. Applying the *Atlantic Marine* factors, the Court gives no weight to plaintiffs' choice of Ohio as the forum and will not consider any of plaintiffs' arguments about the inconvenience of litigating this case in Georgia for plaintiffs and their witnesses. That leaves only the public interest factors to consider. Plaintiffs argue that these weigh in their favor because "[t]he nexus between Ohio and this litigation far outweighs any connection with Georgia." While this case has connections to Ohio, so too does Georgia. As noted above, defendants' headquarters is in Georgia, much of the documentary evidence is there, and defendants' key witnesses reside there. Moreover, the Agreement stipulates that Georgia law applies to the Agreement, and plaintiffs have offered no reason why this choice of law provision should not be enforced. For these reasons, plaintiffs have failed to show why this is the type of exceptional case where a valid forum-selection clause should not be given controlling weight. Therefore, the Court concludes that this case should be transferred to the United States District Court for the Northern District of Georgia.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (Doc. 13) is GRANTED.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 2/4/16